140 LEHIGH VALLEY R. R. CO., Appel., *v.* PUB. S. COM.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

From the record it appeared that the commission instituted, upon its own motion, an inquiry into the condition of the crossing in question, and having declared the subway dangerous, ordered the alteration of the same, at a total cost of $82,000, of which the Lehigh Valley Railroad Company was directed to pay $65,000. The Lehigh Valley Railroad Company appealed.

*Error assigned,* among others, was the order of the commission.

*Ralph J. Baker,* and with him *Karl E. Richards,* for appellant.

*John Fox Weiss,* Assistant Counsel, and with him *Frank M. Hunter,* Counsel, for Public Service Commission.

PER CURIAM, December 14, 1922:

It appears desirable from an examination of the record in this case that more definite evidence be furnished with reference to the width of the highway at the place where the appellant's road crosses it; and also with respect to the location of the piers of the appellant's bridge in relation to the outside lines of the highway. The record is therefore returned to the commission in order that evidence may be taken bearing on the subject referred to.

---

# D'Olier and Company, Appellants, *v.* Plankenhorn.

*Appeals—Superior Court—Divided court.*

Where the six judges of the appellate court, who heard the argument of the case are equally divided in opinion, the specifications of error will be dismissed.

Argued November 13, 1922. Appeal, No. 278, Oct. T., 1922, by plaintiffs, from judgment of C. P. Lycoming

County, Sept. T., 1920, No. 165, in favor of defendant in case tried by the court without a jury in suit of Franklin D'Olier, Burton Etherington, Winthrop Mincher, S. M. D. Clapper, James D'Olier and Thomas P. Walker, trading as Franklin D'Olier & Company, v. F. E. Plankenhorn. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before WHITEHEAD, P. J., without a jury.

From the record it appeared that the plaintiff sued the defendants for breach of contract for refusal to accept certain merchandise which the plaintiff alleged the defendants had agreed to purchase. The case was tried by the court without a jury and judgment given in favor of the defendant. Plaintiffs appealed.

*Joseph H. Taulane* and *A. R. Jackson,* for appellant.

*N. M. Edwards,* for appellee.

PER CURIAM, December 14, 1922:
The six judges who heard the argument of this case being equally divided in opinion the specifications of error are dismissed.
The judgment is affirmed.

---

# Scott, Appellant, *v.* Scott.

*Courts—Municipal Court of Philadelphia—Jurisdiction—Desertion and nonsupport—Acts July 12, 1913, P. L. 711, and May 23, 1907, P. L. 227.*

The Act of July 12, 1913, P. L. 711, as supplemented and amended, creating the Municipal Court of Philadelphia, confers upon that court exclusive civil and criminal jurisdiction "in all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself